UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MERCEDES MONTERO MONTERO,  Petitioner,  v.  ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility, PATRICIA HYDE, Boston Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge; US IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; US DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Acting Secretary of the Department of Homeland Security; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and PAMELA BONDI, in her official capacity as Attorney General of the United States,  Respondents. | Civil Action No. 25-13420-MJJ |

**MEMORANDUM OF DECISION AND ORDER**

December 8, 2025

JOUN, D.J.

Mercedes Montero Montero ("Mr. Montero" or "Petitioner") is alleged to be a citizen of the Dominican Republic, who entered the United States without inspection and has resided in the United States since 2015. [Doc. No. 1 at ¶¶ 16, 46; Doc. No. 9 at 1]. On September 26, 2025, Mr. Montero was arrested by the Lawrence Police Department ("LPD") and the federal Drug Enforcement Administration ("DEA") in connection with the investigation of a fentanyl

1

trafficking operation. [Doc. Nos. 7-1, 7-2]. In relevant part, the Report of Investigation and Incident Report (the "Reports") state the following: four individuals were observed leaving a potential stash house in two separate cars, a Camry and a white Range Rover. [Doc. No. 7-2 at 1–2]. The Camry was stopped, the two individuals were arrested, a kilo of Fentanyl was recovered from the vehicle. [*Id*. at 2–3]. After the arrest, a BOLO was issued for the white Range Rover; police received intelligence that a white Range Rover was potentially traveling back to Lawrence to clean out a local stash house of drugs and cash. [Doc. No. 7-2 at 3; Doc. No. 7-1 at 1–2]. Police observed said vehicle, stopped and arrested both occupants, one of whom was Mr. Montero, and conducted a search of the vehicle. [Doc. No. 7-1 at 2]. Police found a loaded handgun in the vehicle. [*Id*.]. Furthermore, DEA agents entered the potential stash house and located approximately 1,500 grams of illegal narcotics and $4000 in cash. [Doc. No. 7-1 at 2].

The next day, on September 27, 2025, Mr. Montero was taken into ICE custody. [Doc. No. 1 at ¶ 16]. He is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. [*Id*. ¶ 47]. Mr. Montero petitions the Court under 28 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment for relief from detention.

In their Response to Habeas Petition, Respondents acknowledge that core questions of law in this case, and the challenges to the government's policy and practice, substantially overlap with those at issue in *Hilario Rodriguez v. Moniz,* 25-cv-12358 and *Inlago Tocagon v. Bondi, et al.*, 25-cv-12453. [Doc. No. 7 at 3–4]. I incorporate by reference the reasoning in my September 18, 2025 Order in the *Hilario Rodriguez* case, [25-cv-12358 Doc. No. 22], and find that Mr. Montero is not subject to Section 1225's mandatory detention framework.

Respondents raise an alternative argument. They assert that even if he is not found subject to Section 1225, Mr. Montero is lawfully detained without a bond hearing pursuant to 8

U.S.C. § 1226(c). I agree. Section 1226(c)(1)(A) provides that Respondents "shall take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." Section 1182(a)(2)(C)(i) includes "[a]ny alien who the consular officer or the Attorney General knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so." Here, even though he has not been charged or convicted of a crime, the Reports give Respondents reason to believe Mr. Montero has been an illicit trafficker or knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking of Fentanyl. *See Hamid v. U.S. Immigr. & Naturalization Serv.,* 538 F.2d 1389, 1391 (9th Cir. 1976) (cleaned up) ("The language of the statute is know or have reason to believe. Thus, the immigration officer need not know that an individual is or has been a trafficker in order to exclude that person. The officer is justified in acting if he has reason to believe that an individual is so engaged."). As such, I must deny Mr. Montero's petition under Section 1226(c).[1]

For the foregoing reasons, the Petition for Writ of Habeas is <u>DENIED</u>.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge

---

[1] Mandatory detention under § 1226(c) without a bond hearing can violate the Due Process Clause when it becomes unreasonably prolonged. *Reid v. Donelan*, 819 F.3d 486, 494 (1st Cir. 2016). Here, however, Mr. Montero has been detained for less than three months, which is not unreasonably prolonged.